**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

AURORA PETCULESCU, AN
INDIVIDUAL,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
DOUGLAS SMITH, DISTRICT JUDGE,
Respondents,
and
DEBT COMMERCIAL PROPERTIES,
LLC, A NEVADA LIMITED LIABILITY
CORPORATION; AND ANDY PHAM,
AN INDIVIDUAL,
Real Parties in Interest.

No. 67779

**FILED**

APR 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER GRANTING PETITION FOR WRIT OF MANDAMUS

Petitioner, plaintiff below, seeks a writ of mandamus directing the district court to grant her motion for a prejudgment writ of attachment, which it denied on the basis that the real property she seeks to attach is unrelated to her claim for conversion.

A plaintiff may petition the district court for a writ of attachment as security for a potential judgment, and the defendants may avoid attachment by posting a bond. NRS 31.010. While defendants generally must be given notice and an opportunity to be heard before a writ of attachment is granted, NRS 31.013, exigent circumstances may allow for attachment before the hearing is held. NRS 31.017. Here, although petitioner moved for an ex parte writ of attachment, the district court set the matter for a hearing, at which some evidence was presented and oral argument was heard. Under NRS 31.026, the district court must

15-11402

consider the affidavits and other evidence before it and determine "the probable validity of the plaintiff's underlying claim." If the court determines that the claim is "probably valid," the writ of attachment must issue upon the plaintiff posting a bond in the sum of the amount claimed or the value of the property, with two or more sureties. NRS 31.026; NRS 31.030(1).

Here, the district court failed to make any findings as to the merits of petitioner's claim and refused to issue the writ of attachment only because it could find "no nexus" between the claim and the property to be attached. While a connection between the case and the attachment might help support issuance of a writ without pre-deprivation notice, *see* *Mitchell v. W.T. Grant Co.*, 416 U.S. 600 (1974), the lack of any connection does not preclude issuance if the claim's probable validity is determined after a hearing or if other factors warranting its ex parte issuance are met. *See* NRS 31.017; NRS 31.026; *Connecticut v. Doehr*, 501 U.S. 1, 16 (1991) (explaining that evidence that the defendant is taking steps to render his real estate unable to satisfy a judgment could warrant issuing an ex parte writ of attachment).

The district court failed to analyze petitioner's assertions under NRS 31.017(5) as to whether real parties in interest were attempting to dispose of assets that could be used to satisfy a judgment in petitioner's favor, such as to warrant immediate attachment. Moreover, although a hearing was held, the district court failed to analyze the probable validity of petitioner's claim in light of the disputed facts. Accordingly, the district court arbitrarily and capriciously exercised its discretion in denying petitioner's motion for a prejudgment writ of

attachment, *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008), and we thus

ORDER the petition GRANTED AND DIRECT THE CLERK OF THIS COURT TO ISSUE A WRIT OF MANDAMUS instructing the district court to reconsider petitioner's motion under the standards recited above.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:   Hon. Douglas Smith, District Judge
      Shimon Law Firm, APC
      Law Offices of P. Sterling Kerr
      Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A